**IN THE UNITED STATES DISCTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KATHLENE L. KUROWICKI, Individually and as Personal Representative of the Estate of BARNEY CHESTER KUROWICKI, Deceased | ) | **Case No. 3:25-cv-02534** |
| | ) | Judge Jeffrey Helmick |
| Plaintiffs, | ) | **ANSWER AND JURY DEMAND OF LIFECENTER NORTHWEST** |
| v. | ) | |
| BUCKEYE TRANSPLANT SERVICES, LLC, JOHN DOE PHYSICIANS 1-5; LIFECENTER NORTHWEST; and JOHN DOE PHYSICIANS 6-10 | ) | Corey L. Tomlinson (#0081894)<br>Kayla L. Henderson (#0096072)<br>Robison, Curphey & O'Connell, LLC<br>Four SeaGate, Ninth Floor<br>Toledo, OH 43604<br>T: (419) 249-7900<br>F: (419) 249-7911<br>ctomlinson@rcolaw.com<br>khenderson@rcolaw.com<br>*Attorneys for Defendant LifeCenter Northwest* |
| Defendants. | ) | |

For its Answer to Plaintiff's First Amended Complaint, Defendant LifeCenter Northwest states as follows:

Plaintiff's First Amended Complaint begins with unnumbered paragraphs labeled Amended Complaint, Introduction, and Jurisdiction and Venue, which do not contain factual allegations requiring a response; insofar as any allegations are contained, Defendant denies the same.

**PARTIES**

1. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraphs 1 through 9 of Plaintiff's First Amended Complaint, and therefore denies the same.

2. Defendant admits the allegations contained in paragraph 10 of Plaintiff's First Amended Complaint.

3. Defendant denies the allegations contained in paragraph 11 of Plaintiff's First Amended Complaint.

4. Paragraph 12 of Plaintiff's First Amended Complaint contains legal conclusions, rather than factual allegations, to which no response is required. To the extent there are any allegations in paragraph 12 of Plaintiff's First Amended Complaint, Defendant denies the same.

## STATEMENT OF FACTS

5. In response to paragraph 13 of Plaintiff's First Amended Complaint, Defendant incorporates its responses to all preceding paragraphs as if fully restated herein.

*Facts Specific to The Role of Buckeye Transplant Services, LLC*

6. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 14 of Plaintiff's First Amended Complaint, and therefore denies the same.

7. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 15 of Plaintiff's First Amended Complaint, and therefore denies the same.

8. In response to paragraph 16 of Plaintiff's First Amended Complaint, Defendant admits that OPTN stands for the Organ Procurement and Transplantation Network, and further states the OPTN is a public-private partnership that links all professionals involved in the U.S. donation, procurement, and transplantation system, per its public facing website.[1] Defendant denies any remaining allegations contained in paragraph 16 of Plaintiff's First Amended Complaint.

[1] https://www.hrsa.gov/optn (last accessed January 20, 2026).

9. In response to paragraph 17 of Plaintiff's First Amended Complaint, Defendant admits that UNOS stands for the "United Network for Organ Sharing," and further states that UNOS is a nonprofit organization that operates part of the OPTN, by contract. Defendant denies any remaining allegations inconsistent with UNOS's governing contract and federal regulations.

10. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraphs 18 through 20 of Plaintiff's First Amended Complaint, and therefore denies the same.

*Facts Specific to The Role of LifeCenter Northwest*

11. In response to paragraph 21 of Plaintiff's First Amended Complaint, Defendant admits that it is an organ procurement organization ("OPO") as defined by federal law, further admits that one of the responsibilities of an OPO can be to recover organs from deceased donors, and denies any remaining allegations.

12. In response to paragraph 22 of Plaintiff's First Amended Complaint, Defendant states that its duties and responsibilities as an OPO are set forth by OPTN policies and procedures, and other federal and state laws and regulations, and denies any remaining allegations.

13. In response to paragraph 23 of Plaintiff's First Amended Complaint, Defendant states that its duties and responsibilities as an OPO are set forth by OPTN policies and procedures, and other federal and state laws and regulations, further responds that its public facing website speaks for itself, and denies any remaining allegations.[2]

14. In response to paragraph 24 of Plaintiff's First Amended Complaint, Defendant states that its duties and responsibilities as an OPO are set forth by OPTN policies and procedures which includes standardized collection of donor data which includes data such as donor blood type,

[2] https://www.hrsa.gov/optn. (last accessed January 20, 2026).

height and weight, and location. Defendant denies any remaining allegations in paragraph 24 of Plaintiff's First Amended Complaint.

15. In response to paragraph 25 of Plaintiff's First Amended Complaint, Defendant states that its duties and responsibilities as an OPO are set forth by OPTN policies and procedures, including procedures for communication. Defendant denies any remaining allegations in paragraph 25 of Plaintiff's First Amended Complaint.

16. In response to paragraph 26 of Plaintiff's First Amended Complaint, Defendant states that physicians may, at times, become involved in the process pursuant to OPTN policies and procedures, and other federal regulations. Defendant denies any remaining allegations in paragraph 26 of Plaintiff's First Amended Complaint.

*Facts Common to All Causes of Action*

17. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraphs 27 through 36 of Plaintiff's First Amended Complaint and therefore denies the same.

18. In response to paragraph 37 of Plaintiff's First Amended Complaint, Defendant admits that a kidney was recovered on December 9, 2024, and denies the remaining allegations specifically and for lack of sufficient information as to the allegations' truth or veracity.

19. In response to paragraph 38 of Plaintiff's First Amended Complaint, Defendant admits that UNOS maintains a DonorNet database that facilitates the sharing of clinical information between OPOs and transplant centers to assist the process of matching organs to transplant candidates, and denies any remaining allegations.

20. In response to paragraph 39 of Plaintiff's First Amended Complaint, Defendant states that the DonorNet records speak for themselves, and denies the remaining allegations specifically and for lack of sufficient information as to the allegations' truth or veracity.

21. In response to paragraph 40 of Plaintiff's First Amended Complaint, Defendant states that the DonorNet records speak for themselves, and further states that the donor's data included a Match KDPI of 76% and a Terminal KDPI of 77%, and denies any remaining allegations.

22. In response to paragraphs 41 and 42 of Plaintiff's First Amended Complaint, Defendant partially admits as the KDPI generally measures the risk of graft failure, and further responds that that it takes into account a variety of donor factors and that "KDRI expresses the relative risk of kidney graft failure for a given donor compared to the median kidney donor; values exceeding 1 have higher expected risk than the median donor, and vice versa" according to the HRSA's KDPI Calculator.[3] Defendant denies any remaining allegations contained in paragraphs 41 and 42 of Plaintiff's First Amended Complaint.

23. In response to paragraph 43 of Plaintiff's First Amended Complaint, Defendant states that a DRAI was conducted consistently with OPTN policies and procedures and denies any remaining allegations.

24. In response to paragraph 44 of Plaintiff's First Amended Complaint, Defendant states that OPTN and federal requirements of OPOs in the standardized data collection processes speak for themselves and denies any remaining allegations.

25. In response to paragraphs 45, 46, and 47 of Plaintiff's First Amended Complaint, Defendant states that the DRAI and other DonorNet records speak for themselves and denies the remaining allegations.

26. Defendant denies the allegations in paragraph 48 of Plaintiff's First Amended Complaint.

[3] https://www.hrsa.gov/optn/data/allocation-calculators/kdpi-calculator (last accessed January 20, 2026).

27. In response to paragraph 49 of Plaintiff's First Amended Complaint, Defendant states that the DRAI and other DonorNet records speak for themselves and denies the remaining allegations.

28. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 50 of Plaintiff's First Amended Complaint and therefore denies the same.

29. Paragraph 51 of Plaintiff's First Amended Complaint contains no factual allegations to which a response is required; to the extent there are any, Defendant denies the same.

30. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 52 of Plaintiff's First Amended Complaint and therefore denies the same.

31. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 53 of Plaintiff's First Amended Complaint and therefore denies the same.

32. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 54 of Plaintiff's First Amended Complaint and therefore denies the same.

33. Responding to paragraph 55 of Plaintiff's First Amended Complaint, Defendant admits that the completed DRAI disclosed the donor's skunk scratch, and denies any remaining allegations for lack of sufficient information as to the truth or veracity of the allegations.

34. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 56 of Plaintiff's First Amended Complaint and therefore denies the same.

35. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 57 of Plaintiff's First Amended Complaint and therefore denies the same.

36. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 58 of Plaintiff's First Amended Complaint and therefore denies the same.

37. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 59 of Plaintiff's First Amended Complaint and therefore denies the same.

38. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 60 of Plaintiff's First Amended Complaint and therefore denies the same.

39. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 61 of Plaintiff's First Amended Complaint and therefore denies the same.

40. Responding to paragraph 62 of Plaintiff's First Amended Complaint, Defendant states that the information contained in the DRAI speaks for itself. Further responding, Defendant is without sufficient information as to the truth or veracity of the remaining allegations contained in paragraph 62 of Plaintiff's First Amended Complaint and therefore denies the same.

41. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraphs 63 through 108 of Plaintiff's First Amended Complaint and therefore denies the same.

42. Responding to paragraph 109 of Plaintiff's First Amended Complaint, Defendant states that the information contained in the DRAI speaks for itself, and denies all further allegations

made against it specifically. Further responding, Defendant is without sufficient information as to the truth or veracity of the remaining allegations contained in paragraph 109 of Plaintiff's First Amended Complaint and therefore denies the same.

43. Responding to paragraph 110 of Plaintiff's First Amended Complaint, Defendant states that the information contained in the DRAI speaks for itself, and denies all further allegations made against it specifically. Further responding, Defendant is without sufficient information as to the truth or veracity of the remaining allegations contained in paragraph 110 of Plaintiff's First Amended Complaint and therefore denies the same.

44. Responding to paragraph 111 of Plaintiff's First Amended Complaint, Defendant states that the information contained in the DRAI speaks for itself, and denies all further allegations made against it specifically. Further responding, Defendant is without sufficient information as to the truth or veracity of the remaining allegations contained in paragraph 111 of Plaintiff's First Amended Complaint and therefore denies the same.

45. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 112 of Plaintiff's First Amended Complaint and therefore denies the same.

46. Responding to paragraphs 113 and 114 of Plaintiff's First Amended Complaint, Defendant states the medical records of Plaintiff's decedent speak for themselves and denies any remaining allegations.

## CAUSES OF ACTION

### First Cause of Action Against Buckeye Transplant Service, LLC

### RESPONDEAT SUPERIOR/VICARIOUS LIABILITY - NEGLIGENCE

47. In response to paragraph 115 of Plaintiff's First Amended Complaint, Defendant incorporates its responses to all preceding paragraphs as if fully restated herein.

48. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 116 of Plaintiff's First Amended Complaint and therefore denies the same.

49. Defendant denies the allegations in paragraph 117 of Plaintiff's First Amended Complaint.

50. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 118 of Plaintiff's First Amended Complaint and therefore denies the same.

51. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 119, including subparts a through j, of Plaintiff's First Amended Complaint, and therefore denies the same.

52. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 120 of Plaintiff's First Amended Complaint and therefore denies the same.

53. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 121 of Plaintiff's First Amended Complaint and therefore denies the same.

54. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 122 of Plaintiff's First Amended Complaint and therefore denies the same.

55. Paragraph 123, including subparts a through d and prayer for relief, of Plaintiff's First Amended Complaint states legal conclusions, rather than factual allegations, to which no response is required; to the extent there are any allegations, Defendant denies the same.

**Second Cause of Action Against Buckeye Transplant Services, LLC**

**CORPORATE NEGLIGENCE**

56. In response to paragraph 124 of Plaintiff's First Amended Complaint, Defendant incorporates its responses to all preceding paragraphs as if fully restated herein.

57. Defendant denies the allegations in paragraph 125 of Plaintiff's First Amended Complaint.

58. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 126, including subparts a through h, of Plaintiff's First Amended Complaint, and therefore denies the same.

59. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 127 of Plaintiff's First Amended Complaint and therefore denies the same.

60. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 128 of Plaintiff's First Amended Complaint and therefore denies the same.

61. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 129 of Plaintiff's First Amended Complaint and therefore denies the same.

62. Paragraph 130, including subparts a through d and prayer for relief, of Plaintiff's First Amended Complaint states legal conclusions to which no response is required; to the extent there are any allegations, Defendant denies the same.

**Third Cause of Action Against Buckeye Transplant Services, LLC**

**WRONGFUL DEATH**

63. In response to paragraph 131 of Plaintiff's First Amended Complaint, Defendant incorporates its responses to all preceding paragraphs as if fully restated herein.

64. Defendant denies the allegations in paragraph 132 of Plaintiff's First Amended Complaint.

65. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 133, including subparts a through f and prayer for relief, of Plaintiff's First Amended Complaint, and therefore denies the same.

**Fourth Cause of Action Against Buckeye Transplant Services**

**RESPONDEAT SUPERIOR/VICARIOUS LIABILITY – MEDICAL NEGLIGENCE**

66. In response to paragraph 134 of Plaintiff's First Amended Complaint, Defendant incorporates its responses to all preceding paragraphs as if fully restated herein.

67. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 135 of Plaintiff's First Amended Complaint and therefore denies the same.

68. Paragraphs 136 and 137 of Plaintiff's First Amended Complaint state legal conclusions, rather than factual allegations, to which no response is required; to the extent there are any allegations, Defendant denies the same.

69. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 138, including subparts a through t, of Plaintiff's First Amended Complaint, and therefore denies the same.

70. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraphs 139 through 141 of Plaintiff's First Amended Complaint and therefore denies the same.

71. Paragraph 142, including subparts a through d and prayer for relief, of Plaintiff's First Amended Complaint states legal conclusions to which no response is required; to the extent there are any allegations, Defendant denies the same.

**Fifth Cause of Action Against Buckeye Transplant Services, LLC**

**WRONGFUL DEATH**

72. In response to paragraph 143 of Plaintiff's First Amended Complaint, Defendant incorporates its responses to all preceding paragraphs as if fully restated herein.

73. Defendant denies the allegations in paragraph 144 of Plaintiff's First Amended Complaint.

74. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 145, including subparts a through f and prayer for relief, of Plaintiff's First Amended Complaint, and therefore denies the same.

**Sixth Cause of Action Against John Doe Physicians 1 Through 5**

**MEDICAL MALPRACTICE/PROFESSIONAL LIABILITY**

75. In response to paragraph 146 of Plaintiff's First Amended Complaint, Defendant incorporates its responses to all preceding paragraphs as if fully restated herein.

76. Defendant denies the allegations in paragraph 147 of Plaintiff's First Amended Complaint.

77. Defendant denies the allegations in paragraph 148, including subparts a through hh, of Plaintiff's First Amended Complaint.

78. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraphs 149 through 151 of Plaintiff's First Amended Complaint and therefore denies the same.

79. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 152, including subparts a through d and prayer for relief, of Plaintiff's First Amended Complaint, and therefore denies the same.

**Seventh Cause of Action Against John Doe Physicians 1 Through 5**

**WRONGFUL DEATH**

80. In response to paragraph 153 of Plaintiff's First Amended Complaint, Defendant incorporates its responses to all preceding paragraphs as if fully restated herein.

81. Defendant denies the allegations in paragraph 154 of Plaintiff's First Amended Complaint.

82. Defendant is without sufficient information as to the truth or veracity of the allegations contained in paragraph 155, including subparts a through f and prayer for relief, of Plaintiff's First Amended Complaint, and therefore denies the same.

**Eighth Cause of Action Against LifeCenter Northwest**

**RESPONDEAT SUPERIOR/VICARIOUS LIABILITY-MEDICAL NEGLIGENCE**

83. In response to paragraph 156 of Plaintiff's First Amended Complaint, Defendant incorporates its responses to all preceding paragraphs as if fully restated herein.

84. In response to paragraph 157 of Plaintiff's First Amended Complaint, Defendant admits corporate entities such as itself act through agents and employees generally, and denies the remaining allegations.

85. Defendant denies the allegations in paragraph 158 of Plaintiff's First Amended Complaint.

86. Defendant denies the allegations in paragraph 159 of Plaintiff's First Amended Complaint.

87. Defendant denies the allegations in paragraph 160, including subparts a through t, of Plaintiff's First Amended Complaint.

88. Defendant denies the allegations in paragraph 161 of Plaintiff's First Amended Complaint.

89. Defendant denies the allegations in paragraph 162 of Plaintiff's First Amended Complaint.

90. Defendant denies the allegations in paragraph 163 of Plaintiff's First Amended Complaint.

91. Defendant denies the allegations in paragraph 164, including subparts a through d and prayer for relief, of Plaintiff's First Amended Complaint.

**Ninth Cause of Action Against LifeCenter Northwest**

**CORPORATE NEGLIGENCE**

92. In response to paragraph 165 of Plaintiff's First Amended Complaint, Defendant incorporates its responses to all preceding paragraphs as if fully restated herein.

93. Defendant denies the allegations in paragraph 166 of Plaintiff's First Amended Complaint.

94. Defendant denies the allegations in paragraph 167, including subparts a through l, of Plaintiff's First Amended Complaint.

95. Defendant denies the allegations in paragraph 168 of Plaintiff's First Amended Complaint.

96. Defendant denies the allegations in paragraph 169 of Plaintiff's First Amended Complaint.

97. Defendant denies the allegations in paragraph 170 of Plaintiff's First Amended Complaint

98. Defendant denies the allegations in paragraph 171, including subparts a through d and prayer for relief, of Plaintiff's First Amended Complaint.

**Tenth Cause of Action Against LifeCenter Northwest**

**WRONGFUL DEATH**

99. In response to paragraph 172 of Plaintiff's First Amended Complaint, Defendant incorporates its responses to all preceding paragraphs as if fully restated herein.

100. Defendant denies the allegations in paragraph 173 of Plaintiff's Complaint.

101. Paragraph 174, including subparts a through h, a through f, and prayer for relief, of Plaintiff's First Amended Complaint states legal conclusions to which no response is required; to the extent there are any allegations, Defendant denies the same.

**Eleventh Cause of Action Against John Doe Physicians 6 Through 10**

**MEDICAL MALPRACTICE/PROFESSIONAL LIABILITY**

102. In response to paragraph 175 of Plaintiff's First Amended Complaint, Defendant incorporates its responses to all preceding paragraphs as if fully restated herein.

103. Defendant denies the allegations in paragraph 176 of Plaintiff's First Amended Complaint.

104. Defendant denies the allegations in paragraph 177, including subparts a through bb, of Plaintiff's First Amended Complaint.

105. Defendant denies the allegations in paragraphs 178 through 180 of Plaintiff's Complaint.

106. Defendant denies the allegations in paragraph 181, including subparts a through d and prayer for relief, of Plaintiff's First Amended Complaint.

**Twelfth Cause of Action Against John Doe Physicians 6 Through 10**

**WRONGFUL DEATH**

107. In response to paragraph 182 of Plaintiff's First Amended Complaint, Defendant incorporates its responses to all preceding paragraphs as if fully restated herein.

108. Defendant denies the allegations in paragraph 183 of Plaintiff's First Amended Complaint.

109. Paragraph 184, including subparts a through h, a through f, and prayer for relief, of Plaintiff's First Amended Complaint states legal conclusions to which no response is required; to the extent there are any allegations, Defendant denies the same.

## DEMAND FOR JURY TRIAL

110. In response to paragraph 185 of Plaintiff's First Amended Complaint, Defendant incorporates its responses to all preceding paragraphs as if fully restated herein.

111. Paragraph 186 of Plaintiff's First Amended Complaint states a legal conclusion, rather than factual allegations, to which no response is required; to the extent there are any allegations, Defendant denies the same. Defendant hereby asserts its demand for trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

1. Defendant is entitled to immunity under Washington's adoption of the Uniform Anatomical Gift Act.

2. Defendant is entitled to immunity under Ohio's adoption of the Uniform Anatomical Gift Act.

3. Defendant is entitled to immunity under Idaho's adoption of the Uniform Anatomical Gift Act.

4. Defendant is entitled to immunity under various state and federal laws and regulations for its role in the organ procurement process.

5. Defendant at all times acted in good faith with respect to Plaintiff's claims.

6. Defendant owed no duty to Plaintiff nor Plaintiff's decedent.

7. Plaintiff's claims are barred due to Plaintiff's decedent's assumption of risk.

8. Plaintiff's claims are barred due to Plaintiff's contributory negligence.

9. Plaintiff's claims are barred by the equitable doctrine of release.

10. Plaintiff's claims may be barred, or become barred, by the doctrine of res judicata.

11. Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

12. Plaintiff's decedent was negligent and proximately caused or proximately contributed to cause the damages complained of in Plaintiff's First Amended Complaint.

13. Plaintiff's decedent was injured by a complication of the procedure and/or injury, the risk of such complication being known to and accepted by Plaintiff's decedent at the time of the actions of Defendant complained of herein.

14. Plaintiff is not the real party in interest as to some or all of the damages alleged in the Complaint.

15. Plaintiff has failed to join all proper and necessary parties for a just adjudication of this matter pursuant to applicable state laws.

16. Plaintiff's decedent's injuries and/or damages were caused by the superseding and intervening acts or omissions of others not within the control of Defendant.

17. Plaintiff's decedent's injuries and/or damages were caused by the acts or omissions of others not within the control of Defendant.

18. Pursuant to R.C. 2307.28 and/or common law, and/or other applicable state laws, Defendant is entitled to a set-off from any verdict or judgment entered against it of any amount paid to Plaintiff by any other person or entity, including but not limited to any party to this action, to resolve any claim against such person or entity arising out of the same injuries that are the subject of Plaintiff's First Amended Complaint.

19. Plaintiff has failed to attach an appropriate affidavit of merit pursuant to Ohio Civil Rule 10(D) as to Defendant.

20. Plaintiff has failed to file this claim within the appropriate statute of limitations and Defendant is entitled to a dismissal of the First Amended Complaint.

21. Plaintiff's claims against Defendant are barred for insufficient process.

22. Plaintiff's claims against Defendant are barred for insufficient service of process.

23. Defendant is entitled to dismissal of one or more claims herein by Am. Sub. 5.3.281 and Am Sub. S.B. 120 and S.B. 179 and S.B. 86, and/or other applicable state laws..

24. Defendant is entitled to apportionment of damages to both parties and non-parties pursuant to O.R.C. 2307.23, or other applicable state laws..

25. Defendant complied with the applicable standards of care, practices, and duties under the law at all times material to Plaintiff's claims.

WHEREFORE, Defendant LifeCenter Northwest respectfully requests this Court dismiss all claims brought against it, with prejudice and costs to be borne by Plaintiff, and any other relief this Court deems just, proper, and equitable.

Respectfully submitted,

*/s/ Kayla L. Henderson*

Corey L. Tomlinson (#0081894)
Kayla L. Henderson (#0096072)
Robison, Curphey & O'Connell, LLC
Four SeaGate, Ninth Floor
Toledo, OH 43604
T: (419) 249-7900
F: (419) 249-7911
ctomlinson@rcolaw.com
khenderson@rcolaw.com
*Attorneys for Defendant LifeCenter Northwest*

**JURY DEMAND**

Defendant demands trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Kayla L. Henderson*

Corey L. Tomlinson (#0081894)
Kayla L. Henderson (#0096072)
Robison, Curphey & O'Connell, LLC
Four SeaGate, Ninth Floor
Toledo, OH 43604
T: (419) 249-7900
F: (419) 249-7911
ctomlinson@rcolaw.com
khenderson@rcolaw.com
*Attorneys for Defendant LifeCenter Northwest*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2026, I electronically filed the foregoing document using the CM/ECF system, which will automatically serve this filing to all counsel of record.

/s/ *Kayla L. Henderson*
Corey L. Tomlinson (#0081894)
Kayla L. Henderson (#0096072)
Robison, Curphey & O'Connell, LLC
Four SeaGate, Ninth Floor
Toledo, OH 43604
T: (419) 249-7900
F: (419) 249-7911
ctomlinson@rcolaw.com
khenderson@rcolaw.com
*Attorneys for Defendant LifeCenter Northwest*